In the Matter of JOHN POTTS et al., Respondents, v. ABRAHAM KAPLAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents, and JOHN B. DUFFY et al., Appellants.

(Argued March 2, 1934; decided April 17, 1934.)

*Reginald Field* for appellants. The intention of the Legislature in veterans' preference legislation has never been to afford certain men a financial recompense for disability, but to create a class of men preferred in employment because of their self-sacrificing service to the State in time of war. (*Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *Matter of Gianatasio* v. *Kaplan,* 142 Misc. Rep. 611; *People ex rel. Fonda* v. *Morton,* 148 N. Y. 156; *Matter of Keymer,* 148 N. Y. 219; *Opinion of Justices,* 166 Mass. 595; *State ex rel. Kangar* v. *McDonald,* 246 N. W. Rep. 900.)

*Aaron H. Kaufman* for Disabled American Veterans of the World War et al., *amici curiæ.*

*S. Bertram Friedman* and *Roy P. Monahan* for American Legion of New York County et al., *amici curiæ.*

*Albert de Roode* and *H. Eliot Kaplan* for petitioners-respondents. The disability which entitles a veteran to preference must be a real and substantial one, the existence and character of which is to be determined by the New York authorities. (*United States* v. *Railroad Co.,* 17 Wall. [U. S.] 327; *Hammer* v. *Dagenhart,* 247 U. S. 251.) The disability referred to in section 6 of article V of the State Constitution must be such disability as actually or presumptively impairs materially the earning capacity of the preference claimant. (*Matter of Marhoffer* v. *Marhoffer,* 220 N. Y. 543; *Eastern District Piece Dye Works, Inc.,* v. *Travelers Ins. Co.,* 234 N. Y. 441; *Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63; *Law* v. *United States,* 290 Fed. Rep. 972; *Wills* v. *United States,* 7 Fed. Rep. [2d] 137; *Nordberg* v. *United States,* 51 Fed. Rep. [2d] 271; *Knight* v. *United States,* 45 Fed. Rep. [2d] 202; *Elbag* v. *United States,* 48 Fed. Rep. [2d] 281; *Matter of Morgan* v. *Ford,* 143 Misc. Rep. 887; *People* v. *N. Y. C. R. R. Co.,* 24 N. Y. 485; *Roschen* v. *Ward,* 279 U. S. 337.)

*Paul Windels, Corporation Counsel (Charles E. Ramsgate* and *Paxton Blair* of counsel), for Abraham Kaplan et al., constituting the Municipal Civil Service Commission of the City of New York, respondents.

O'BRIEN, J. Respondents are honorably discharged veterans of the World war. Four of them have passed competitive examinations for promotion to the rank of lieutenant in the fire department of the city of New York and three have passed competitive examinations for promotion to the rank of sergeant in the police department. All hold positions on eligible lists promulgated by the Municipal Civil Service Commission. The intervening appellants, also honorably discharged veterans, have passed the same examinations, but with lower ratings than respondents, and have secured positions on the same eligible lists. On the theory that appellants are disabled veterans within the meaning of section 21 of the Civil Service Law (Cons. Laws, ch. 7), the Commission has placed their names near the head of the eligible lists and thus conferred upon them a preference in certification for promotion. On motion by respondents an alternative order of mandamus directed the Civil Service Commission to rescind its action in approving appellants' applications for preferences or to show cause why it should not and the following questions have been certified to this court: " (1) Should the word ' disability ' as used in section 21 of the Civil Service Law, be interpreted as meaning a disability that materially impairs the applicant's earning capacity? (2) Does the record herein disclose any illegal, capricious or arbitrary act by the Municipal Civil Service Commission of the City of New York, in connection with the granting of preference to intervenors under section 21 of the Civil Service Law? (3) Have petitioners herein a grievance sufficient to enable them to maintain a proceeding for an order of mandamus?"

Section 21, as amended by Laws of 1930, chapter 374, is phrased in these words: " In every public department and upon all public works of the State of New York and of the cities, counties, towns and villages thereof, any honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States disabled in the actual performance of duty in any war, to an extent recognized by the United States Veterans' bureau, who are citizens and residents of this State and were at the time of their entrance into the military or naval service of the United States, and whose disability exists at the time of his or her application for such appointment or promotion, shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made to all competitive and non-competitive positions provided their qualifications and fitness shall have been ascertained as provided in this chapter and the rules and regulations in pursuance thereof; and a person thus preferred shall not be disqualified from holding any position in the civil service on account of his age or by reason of any physical disability provided such age or disability does not render him incompetent to perform the duties of the position applied for." This statute conforms with the provisions of article V, section 6, of the Constitution as adopted November 5, 1929, and those provisions are not repugnant to the Constitution of the United States in denying equal protection of the laws and abridging the privileges or immunities of citizens of the United States. (*Matter of Gianatasio* v. *Kaplan*, 142 Misc. Rep. 611; 257 N. Y. 531; appeal dismissed, 284 U. S. 595.)

Appellant Duffy's standing on the eligible list according to merit is number 303 and by reason of the preference accorded him by the Commission under its interpretation of section 21 of the Civil Service Law his name has been advanced to number 2 on the list. By the same process

Harte has been raised from 565 to 5, Farrell from 683 to 7 and Golebwski from 695 to 1. None is incompetent to perform the duties of fireman or policeman. Each has passed the rigid physical examination and has satisfactorily performed his duty.

The Veterans' Bureau, June 7, 1920, granted Duffy a disability rating of temporary partial ten per cent disability for varicose veins sustained in military service but his name is now carried on its records as disabled to an extent of less than ten per cent and compensation has been discontinued. Under date of October 14, 1932, this report concerning Duffy was issued by the Veterans' Bureau: " Less than 10% — 0% (zero per cent) disabled. The diagnosis is given as follows: History of varicose veins, not shown on any recent examination slight varicocele." The medical examiners in the fire department examined him on October 25, 1932, and November 29, 1932, and reported a small varicose vein in the region of the left leg over the calf muscle but failed to find any evidence of varicocele or any physical disability and recommended that his application for disability preference be denied.

Harte, according to a report from the Veterans' Bureau dated June 9, 1930, had a scar on the left knee where a semi-lunar cartilege had been removed and at that time his disability was rated as permanent partial one per cent. He receives no compensation. On April 28, 1932, he was examined by a medical examiner of the Municipal Civil Service Commission who found a scar about one inch in length and three-eighths of an inch in width on the left knee but no impairment of function or motion of the joint. His gait is normal and apparently there is no residual disability. Denial of his application for preference was recommended. On May 24, 1932, the chief medical officer of the fire department made similar report.

In respect to Farrell, the Veterans' Bureau reported under date of June 13, 1932: " 0% — no disability from

5/8/31. * * * Scar right groin slight, no recurrence."
He receives no compensation. Under date of December 8,
1932, the medical examiner of the Municipal Civil Service
Commission reported an oblique scar in the right inguinal
region. "The scar is well healed, not depressed, con-
tracted or tender to palpation, but there is a slight impulse
to coughing, which is readily elicited by the examining
finger. This ultimately will result in a potential hernia,
which will require surgical correction. This defect, how-
ever, has apparently not been recognized as yet by the .
Veterans' Bureau."

Golebwski was physically examined on December 2,
1932, and stated that he had developed hemorrhoids by
sleeping on the ground. Later he admitted to the medical
examiner of the Civil Service Commission that he had
sustained no actual injury and the examiner found no
existing disability. Golebwski has submitted no affidavit
in this mandamus proceeding nor is there in the record
any certificate from the Veterans' Bureau to indicate dis-
ability at any time arising from military service.

The record shows, therefore, that the Veterans' Bureau
had at some time recognized to some extent slight dis-
abilities in all appellants with the possible exception of
Golebwski. The medical examiners on the staffs of the
Municipal Civil Service Commission and the police and
fire departments have thus reported that at the time
appellants made application for preference these dis-
abilities, with such negligible exceptions as scars which
are invisible while the subject is clothed, no longer exist.

The question before us requires interpretation of this
expression in section 21 of the Civil Service Law, " dis-
abled in the actual performance of duty in any war, to
an extent recognized by the United States Veterans'
Bureau, * * * and whose disability exists at the
time of his or her application for such appointment or pro-
motion." We think that, pursuant to this statutory
provision which follows so closely the language of the

Constitution, the Civil Service Commission and the appointing officer must accept at their face value certificates issued by the Veterans' Bureau or its successor, the Veterans' Administration. (Act of July 3, 1930, ch. 863; 46 Stat. 1016; U. S. Code, tit. 38, ch. 1-A, § 11.) For the purpose of determining the fact of disability in war, the State has designated that body as its agent. That the applicant whose name appears on such a certificate has been disabled in actual performance of duty in war and that the nature or character and degree of his disability were such as that body has recognized is evidence not subject to rebuttal. The certificate on these facts is conclusive. Whether such disability exists at the time of the application for appointment or promotion is a fact to be proved or disproved. The Civil Service Commission is the authority in the first instance to determine this fact and in the absence of some illegal, capricious or arbitrary conduct, its decision is controlling. If it misinterprets the statute, its act in giving preference to an applicant who no longer suffers a disability is illegal. If, while properly construing the law, it should disregard the reports of its competent medical examiners its conduct would be capricious or arbitrary.

The Commission, acting in good faith, failed to apprehend the full meaning of a statute which to us is not entirely clear. The purpose of the constitutional amendment and of the statute enacted in pursuance of it does not, according to our interpretation, refer to disabilities which impair earning capacity. Rather, as we think, it points toward a reward for one who had, even in a slight degree, sustained in war service some physical depreciation which the Federal government had recognized as such and whose impaired physique due to such recognized illness, disease or wound has continued to exist. As we view it, the statute bears no relation to earning power. Some lessening of bodily force or some disfigurement, even if unrelated to capacity for wage earning but present

at the time of application for a preference, is the subject at which the statute aims. A scar on part of the body concealed by clothing can scarcely be contemplated as an impairment such as the Veterans' Bureau intended to recognize as a disability. A scar at some time may be external evidence of some inward disability and may be visible long after the disability has ceased, but in itself it does not, nor in our opinion did the Veterans' Bureau intend that it should, constitute a disability.

The record shows that the Veterans' Bureau rated Duffy as " less than 10% — 0% (zero per cent) disabled;" Hart as one per cent and the examining surgeon has reported no disability; Farrell as " 0% no disability from 5/8/31. Scar right groin slight, no recurrence," and since no report from the Veterans' Bureau is before us in relation to Golebwski, the order of the Appellate Division should be modified by granting a peremptory order of mandamus in accordance with this opinion, and as thus modified affirmed, without costs. The first question certified should be answered " No " and the second and third questions answered " Yes."

Pound, Ch. J., Hubbs and Crouch, JJ., concur; Crane and Lehman, JJ., concur in result and vote to answer all questions in the affirmative; Kellogg, J., not sitting.

Ordered accordingly.