In the Matter of the Application of LEO BARRY and Others, Petitioners, for an Order of Mandamus against JAMES E. CONDON and Others, Constituting the Municipal Civil Service Commission of the City of Utica, and Others, Respondents.

In the Matter of the Application of GEORGE E. DEBBOLD and Another, Petitioners, for an Order of Mandamus against JAMES E. CONDON and Others, Constituting the Municipal Civil Service Commission of the City of Utica, and Others, Respondents.

Supreme Court, Oneida County, December 31, 1934.

*Southworth & Malone,* for the petitioners.

*Jacob Tumposky,* for the respondents Municipal Civil Service Commission of the City of Utica and others.

*Edward L. O'Donnell,* for the respondents Joseph Garramone and others.

*August Merrill,* for the respondent Howard L. Bates.

SMITH, E. N., J.   It appears by the petition that the respondent Harold J. Gadsby is a captain and that the respondents Cornell A. Reece and Joseph Garramone are lieutenants, and the respondent Howard L. Bates a fireman seeking promotion as a lieutenant, in the bureau of fire of the city of Utica, N. Y.; that said Gadsby, Reece and Garramone were promoted to the positions now held by them under the provisions of section 21 of the Civil Service Law and on account of preferences claimed by reason of their being honorably discharged, with war service disabilities.   The respondent Howard L. Bates has received no promotion, but it is claimed that, by reason of his being an honorably-discharged soldier with war service disability, he is seeking a preferred position upon the eligible list.   In the separate proceeding affecting the respondent Vincent B. Fellitto, it appears by the petition that Fellitto is a deputy chief in the police department of the city of Utica, N. Y., and that he was given preference upon the eligible list for promotion to the position of deputy chief by reason of his being an honorably-discharged soldier with war service disability.

The prayers of the petitions are that an order of mandamus, peremptory or alternative, issue against the municipal civil service commission of the city of Utica commanding the said commission to rescind its action in promoting said Harold J. Gadsby, Joseph Garramone, Cornell A. Reece and Vincent B. Fellitto, and that in case it is found that said respondents are physically incompetent to efficiently perform their duties as fireman or policemen, orders be issued to the respondent Richard Williams, city comptroller, and to the respondent Fred Gillmore, city treasurer, restraining the payment of further salaries to said men as being a waste of the funds of the taxpayers of Utica.

The motions bring up for consideration an interpretation of section 21 of the Civil Service Law relative to preferences allowed honorably-discharged soldiers, sailors and marines.   Under this section, in order to be entitled to preference, certain facts must appear: (1) The applicant for preference must be an honorably-discharged soldier, sailor, marine or nurse disabled in the actual performance of duty in any war, *to an extent recognized by the United States Veterans Bureau.*   (2) The applicant must be a citizen and resident of this State at the time of his entrance into the military or naval service of the United States.   (3) The disability must exist at the time of his application for such appointment or promotion.   (4) The physical disability must not be such as to " render him incompetent to perform the duties of the position applied for."

It has been held that a certificate issued by the Veterans Bureau or its successor, the Veterans Administration, to a civil service

commission, to the effect that " the applicant whose name appears on such certificate has been disabled in the actual performance of duty in war and that the nature or character and degree of his disability were such as that body has recognized," is conclusive upon a civil service commission and the appointing officer as to these facts. (*Matter of Potts* v. *Kaplan*, 264 N. Y. 110.) The certificate of the Veterans Administration to the effect that the applicant was disabled in the actual performance of duty in any war to an extent recognized by it, so far as a civil service commission or the appointing officer is concerned, in the performance of their duties under section 21, is sufficient evidence of the facts. This does not mean, of course, that a civil service commission could not inquire into the validity of the certificate, could not have communication with the Veterans Administration upon the subject, could not prescribe a form of its own which would definitely bring out the required facts, or could not inquire as to the questions of identity or whether there was some mistake in the certificate, nor that it would be bound by it if it were fraudulently issued; but it does mean that a certificate issued by the Veterans Administration showing a war service disability and that it was to such an extent that it was recognized by the Veterans Administration, is conclusive, as to these facts, upon a civil service commission or the appointing officer.

The civil service commission must be satisfied that the applicant for preference has been honorably discharged; that he is a citizen and resident of the State and was such at the time of his entrance into the military or naval service, *and that the disability exists at the time of his application for appointment or promotion, and that such disability does not render him incompetent to perform the duties of the position applied for.* These are facts which must appear to the satisfaction of the civil service commission.

What is meant, in a practical sense, by " disability " has, at least negatively, been interpreted as *not* meaning " a disability that materially impairs the applicant's earning capacity." (*Matter of Potts* v. *Kaplan, supra.*) The difficulty in interpretation of the meaning of the word " disability," as used in said section 21, arises from the fact that, under the statute, the disability must exist and must exist at the time of the application for appointment or promotion; and yet it must be such a disability that it does not interfere with the performance of the duties of the office or position to which one seeks appointment or promotion. Again, it need not be a disability which impairs earning power. Now it is obvious that one of the prime requirements for selection as a fireman or as a policeman is excellent physical condition, for the reason that holders of these

positions are subject to exposures and exertions calling for unimpaired physical powers and, ofttimes, to perils which are lessened if the fireman or policeman is in excellent physical condition.

Another question arises as to the meaning of the phrase " to an extent recognized by the United States Veterans Bureau." How is this recognition to be evidenced? Does it mean that if the disability is found to exist, but is so slight that no compensation is allowed on account of it, it is to be disregarded? Or what does it mean? Apparently, from data submitted, a disability under ten per cent is to be disregarded.

There is a remedy set forth in said section 21: In case of a refusal to allow the preference provided for in this section, such a refusal is a misdemeanor, and a person suffering from the refusal is given a right of action for damages, *and also a remedy by mandamus for righting the wrong.* It is my opinion that the right of remedy by mandamus is limited to those individually affected by the refusal. The remedy by mandamus order has been resorted to by an honorably-discharged war veteran to rescind the action of a civil service commission or appointing officer in giving one a preference who was not entitled to it, who has lost his opportunity for appointment or promotion by reason of the illegal conduct of the civil service commission or appointing officer in favor of another on the ground that the latter was entitled to preference, where it is claimed that such right to preference did not exist. (*Matter of Potts* v. *Kaplan, supra.*)

This remedy by peremptory or alternative order of mandamus is provided for in said section 21, and is limited by it. If others than honorably-discharged war veterans, disabled in war service, would review the action of a civil service commission, the remedy is by certiorari and not by mandamus. In this instance this is a special remedy provided for to meet a particular situation; it is intended to be prompt and, in cases where facts are undisputed, peremptory; it is not available to one to whom section 21 of the Civil Service Law has no application. If a fireman or policeman on the eligible list but not entitled to preference under said section 21, or a taxpayer, is aggrieved by the action of a civil service commission or appointing authority in awarding a preference, his remedy is review by certiorari.

There are five respondents claimed in the petitions to have been illegally allowed a preference by the municipal civil service commission and the appointing authority. These respondents are Joseph Garramone, Harold J. Gadsby, Cornell A. Reece, Howard L. Bates and Vincent B. Fellitto.

The respondent Bates has not been certified by the municipal civil service commission for appointment or promotion by reason of his being a disabled veteran. While he filed a claim for preference, that claim was withdrawn prior to the institution of these proceedings. This fact was known to the attorneys for the petitioners at the time when the petition was prepared or presented to the court. There is, therefore, nothing as to which an order of mandamus could apply, and there was no justification for the making of the motion as against him. In his case, therefore, and as to him, the motion is denied, with twenty-five dollars costs.

There is a separate motion for an order of mandamus in the case of Vincent B. Fellitto.

The grounds upon which the motions for orders of mandamus are made in each of the cases of Gadsby, Garramone, Reece and Fellitto are the same and are stated in the petitions substantially as follows:

(1) That at the time of the promotion of said respondents there were not on file any certificates of the United States Veterans Bureau (now the United States Veterans Administration), as required by section 21 of the Civil Service Law, nor any certificates by the municipal civil service commission of Utica as to the facts required by said law, nor were there any facts in the record upon which the municipal civil service commission of Utica could base preference under said law.

(2) That if the disability of any respondent is only nominal, he is not such as can be certified for promotion by the local civil service commission.

(3) That in the event the disability of any respondent is greater than a normal disability, then and in that event such respondent is physically incompetent to efficiently perform the duties of the position to which he has been promoted, and that the commissioner of public safety erred in permitting the promotion of said respondents.

(4) That in the event any of said respondents is so physically disabled as to prevent him from efficiently performing the arduous physical duties of the position to which he has been promoted, then and in that event the payment of salaries to any such respondents is a waste of the funds of the taxpayers of the city of Utica.

It will be noted that there is no allegation that any fact essential to authorize the municipal civil service commission to act did not exist; there is no allegation that the service connected disabilities were not recognized by the United States Veterans Administration; there is no allegation that the disability of any of the respondents did not exist at the time of any application for promotion; there is

no allegation that the existing disability of any respondent was such as to render any such respondent incompetent for the performance of the duties of the position to which he was promoted; nor is there any allegation to the effect that the essential facts were not passed upon by the municipal civil service commission, or that they were not before that commission.

So far as the grounds of the motions are concerned, they rest upon the proposition that the records of the municipal civil service commission, as examined by a commissioner of deeds, do not disclose the evidence upon which the municipal civil service commission issued certificates of preference.

There is no allegation to the effect that the municipal civil service commission was guilty of any failure to perform its duty or that it acted in any capricious manner in certifying these respondents for preference to the appointing authorities, but the motions are made upon what records were actually found by a commissioner of deeds in the office of the municipal civil service commission. The fact that certificates allowing to respondents preferences upon the eligible lists were made (unless we are prepared to hold that there is a presumption that a public official will not perform his duties) necessarily raises the presumption of regularity and legality of the act.

Without passing upon this question, and going to the merits as they appear upon the moving papers, and by necessary inference, the petitioners have overlooked certain existing facts and the inferences that properly and necessarily have to be drawn from the facts which actually now appear to have been before the municipal civil service commission. These respondents had been in the service of the respective departments in which they were seeking preference for years. Furthermore, irrespective of the question of preference, each of them was already upon one of the eligible lists from which promotions were to be made. There is no denial of the fact that each of them had already been placed upon one of the eligible lists from which the several promotions, under the Civil Service Law, must be made; so that the commission, by the fact that they had already certified these men as being eligible for promotion, necessarily were informed of the requirements of the provisions of section 14 of the Civil Service Law, to wit, his name, residence, business address, age, place and date of birth, his health and physical capacity for public service, his business or employment and residence for at least the previous five years, and such information as may reasonably be required touching his merit and fitness for the public service.

Such was the background of the municipal civil service commission in each of these cases when they were brought to the consideration of the requests for preference in promotion on the existing eligible lists.

Many of the matters of fact which are involved in section 21 had already been passed upon when these respondents were placed upon the eligible lists, and the questions before the municipal civil service commission only involved those questions arising out of war service disability. It appears from the papers submitted upon the motions, in every instance, that the municipal civil service commission had before them sufficient evidence to warrant the granting of a preference. It appeared that in every one of these cases the disability was connected with war service; that each of the parties was receiving compensation from the United States government, which was positive evidence that the disabilities were such as were recognized by the United States Veterans Administration; and the fact that such compensation was being received at the time of the application for promotion showed, in each case, its continued existence. They had before them the facts that these respondents had been in actual service of the city of Utica in the several departments in which they sought promotion; that they had already been certified on the eligible lists for promotion, which necessarily presupposed that their disabilities were not such as to interfere with the performance of the duties of the positions to which they respectively sought promotion; they had evidence of the war service and of the honorable discharge of each of these respondents; and, having these facts before them, they made their recommendations as to preference.

There is no requirement in section 21 of the Civil Service Law which calls for any certificate of the United States Veterans Bureau or Administration, or as to the method whereby a civil service commission shall determine the fact as to war service connected with disability recognized by the Veterans Bureau or Administration. All the Court of Appeals held in the case of *Matter of Potts* v. *Kaplan* (*supra*) was that a civil service commission and the appointing officer must accept at their face value certificates issued by the Veterans Bureau or its successor, the Veterans Administration. The word " certificate " in this connection has no peculiar significance. Letters from the Veterans Bureau or Administration might be deemed adequate evidence and might even be classified as " certificates." I have examined the record in the case of *Matter of Potts* v. *Kaplan* (*supra*), and, while I have not it before me now, my recollection is that the communications from the Veterans Bureau or Administration were not, in that case, in the form which

we ordinarily classify as "certificates," but that they were similar to the communications from the Veterans Bureau that appear herein. All the Court of Appeals held in that case was as follows: That in the event a certificate was issued as to essential facts, that certificate would be conclusive upon a civil service commission; it did not hold that only by a certificate could these essential facts be developed or shown.

In the Gadsby, Garramone and Reece cases it appears that the petitioners Leo Barry, Ross Debbold and LaVerne Fenton are citizens of New York State and the United States and reside in the city of Utica, N. Y., and are members of the fire department of said city and officers of the Civil Service Reform of Utica, N. Y.; that the Civil Service Reform of Utica consists of a group of firemen in the fire department of Utica, N. Y., of whom about eighteen are World war veterans; that the petitioner LaVerne Fenton is a taxpayer owning real estate in said city.

In the Fellitto case it appears that the petitioners George E. Debbold and Thomas G. Ferrera are members of the police department of the city of Utica and of the Civil Service Reform of Utica, which is alleged to consist of a group of about 200 men in the fire department and the police department of the city of Utica; that said Thomas G. Ferrera is a taxpayer in said city.

The petitioners in each of these cases state that these proceedings are brought in behalf of the petitioners individually and of all other persons on the civil service eligible lists. None of the petitioners is a war veteran suffering war service disability recognized by the Veterans Bureau or Administration, and in my opinion none of them has any right to the remedy by mandamus provided for in section 21 of the Civil Service Law.

My conclusions in reference to these motions are as follows:

(1) That the petitioners are not within a class entitling them to apply for an order of mandamus under section 21 of the Civil Service Law.

(2) That if there be any remedy to which any petitioner is entitled it is by certiorari to review the acts of the municipal civil service commission, which would require affirmative allegations of neglect of duty before an order or writ of certiorari would issue. In such a proceeding the questions of fact raised by the petition therein could be determined.

(3) That there is nothing in the moving papers from which the court can infer illegality or capriciousness in any act of the municipal civil service commission criticized in these proceedings.

The motions in each of the cases of Gadsby, Garramone, Reece and Fellitto should be denied, and each allowed twenty-five dollars costs.

In reaching this conclusion, no inference should be drawn that the court approves the apparent informality of the proceedings and conduct of the municipal civil service commission. It is not strange that, with the newness and apparent complexities of section 21 of the Civil Service Law, informalities should exist. The law itself provides for the adoption of rules, regulations, methods of procedure and forms or blanks to carry the provisions of the section into effect, to be adopted by the several political subdivisions of the State, subject to the approval of the State Civil Service Commission. Apparently this has not yet been done; and if it had been done much of the criticism which the petitioners herein have made would have been avoided, although the results could have been no different. Municipal civil service commissions are public bodies and are performing important functions in government, growing more important as the years go by. It is a matter of common knowledge that these commissioners receive little or no compensation and do not receive heavy financial support from the governing bodies of our cities. Nevertheless, their duties are important and essential and in the performance of them the commissioners, for their own protection against such proceedings as we have here, should be surrounded or protected by certain formalities in procedure and of record.

The motion for a peremptory and/or alternative order of mandamus in the Fellitto case is denied, with twenty-five dollars costs to the respondent Fellitto.

The motions for peremptory and/or alternative orders of mandamus in each of the Gadsby, Garramone, Reece and Bates cases are denied, with twenty-five dollars costs to each of said respondents.

Ordered accordingly.