Van Voorhis, J.
The question at issue concerns the rights of certain alleged disabled veterans of World War II to perfer *340 enees in civil service appointments. These men have been advanced to more favorable positions on various eligible lists by the Municipal Civil Service Commission of the City of New York on the theory that they are entitled to preferences over nondisabled veterans under the recently adopted section 6 of article V of the State Constitution as implemented by section 21 of the Civil Service Law. In consequence thereof, they have been appointed to various municipal positions to which the said eligible lists relate. Petitioners have instituted this proceeding under article 78 of the Civil Practice Act to compel the Civil Service Commission to cancel said preferences and to restore those who received them to the places on the lists which they had as nondisabled veterans, and to remove them from the positions to which they have been appointed unless their appointments would have been warranted by their nondisabled veteran standing on the lists. Special Term has sustained petitioners.
Section 6 of article V of the Constitution provides that any veteran within its purview who has served in the armed forces of the United States in time of war, “ * * * and who was disabled therein to an extent certified by the United States veterans administration, and whose disability is certified by the United States veterans administration to be in existence at the time of his or her application for appointment or promotion, shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made, without regard to Ms or her standing on any list from which such appointment or promotion may be made. ’ ’
Under paragraph (b) of subdivision 2 of section 21 of the Civil Service Law, in effect April 5, 1946 (L. 1946, ch. 521), “ The term ‘ disabled veteran ’ means a veteran who has a disability which is certified by the United States veterans ’ administration to have been incurred in time of war and to be in existence at the time of application for appointment or promotion or at the time of retention, as the case may be. * * * ”
The certificate of the Veterans’ Administration is conclusive on the court concerning the nature and extent of the alleged disability, and of the fact that it was sustained wMle in the armed forces of the United States in time of war (Matter of Potts v. Kaplan, 264 N. Y. 110). Unlike the corresponding 1929 Constitutional Amendment, the 1946 Amendment also renders the Veterans’ Administration’s determination final concerning whether the disability continued to be in existence at ,the time of application for appointment or promotion.
*341 Passing over without deciding whether the disease or injury claimed in the cases of these individuals would have been sufficiently serious to have been classified as a “ disability ” at the time when it was sustained, the order granting the petition must be affirmed for the reason that the certificates from the Veterans’ Administration, which have been adduced to support these preferences, do not indicate that the persons involved suffered from disability at the time of application for appointment or promotion. In each instance the percentage of service-connected disability is stated at the time of last examination as “ 0% ”. It appears from the letter of the Adjudication Officer of the Veterans’ Administration, which is before the court, that this symbol denotes disability, if any, from 0% to 10%. This letter states:
“ Where service connection has been granted for a disease or injury, said disability is thereupon evaluated in accordance with the Schedule for Rating Disabilities to determine the amount of compensation, if any, payable in the particular case. For compensation to be payable, the evaluation must be 10% or more. If the evaluation is below 10%, that is, 0% (any disability less than 10% is rated 0%), no compensation is payable but the basic service connection for the disease or injury nevertheless continues. * * *
“ The fact that a service connected disability has been evaluated as 0% disabling does not necessarily mean that there are no residuals present. It merely means that the findings, on the basis of which the actual ratings are based, do not approach the minimum 10% evaluation for which compensation is payable.
“ It is also desired to call your attention to the fact that evaluations for service connected disabilities, except for certain static disabilities like amputations, etc., may fluctuate from time to time, depending upon the findings disclosed upon the-most recent examination.”
This explanation of the subject clearly means that if a disease or injury has been suffered during service in wartime, the Veterans’ Administration keeps a record of that fact and pays benefits if at any time the evaluation of any residual disability equals or exceeds 10%. If that degree is not attained, the veteran is carried on the books at 0% disability, which merely signifies that at some time during the war he had sustained disability. As stated in the letter of the Adjudication Officer, ” The fact that a service connected disability has been evaluated at 0% disabling does not necessarily mean that there are *342 no residuals present” (Italics supplied.) It may or may not indicate the continued existence of “ residuals ”. These certificates of the Veterans’ Administration, therefore, have no probative force to establish that war service disabilities were in existence at the time of the applications for appointment or promotion, as required by section 6 of article V of the Constitution and section 21 of the Civil Service Law.
Even if “ 0% ” were regarded as denoting a minimum of disability, the certificates do not indicate that such condition continued subsequent to the dates of the last physical examinations, which are not shown to have been made as late as the applications for appointment or promotion. The fluctuating character of the rather trivial physical conditions embraced in this category has been remarked in the letter of the Adjudication Officer of the Veterans’ Administration, and renders it the more necessary to keep up to date respecting the condition of the applicant. Otherwise veterans concerning whose war incurred disabilities there can be no question, would be in danger of being prejudiced.
The men whose status- is questioned herein are not parties to the proceeding. The objection has not been raised that they are necessary parties, nor have they apparently sought to intervene. It is assumed that they have acquiesced in representation by the Civil Service Commission, but, in deciding this appeal, no ruling is made concerning whether the order will be binding upon them as individuals. Neither has petitioners’ capacity to sue been drawn in question.
The order appealed from should be affirmed, with $20 costs and disbursements.
Glennon, Dobe, Cohn and Callahan, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements. Leave to appeal to the Court of Appeals granted.