In the Matter of ROBERT W. CAREY et al., Individually and Constituting the Committee to Void Paper Disabilities, an Unincorporated Association, Respondents, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants, and NAT BARROW et al., Interveners, Appellants.

First Department, February 9, 1948.

*Seymour B. Quel* of counsel (*David M. Fuchs* and *Frank A. Piazza* with him on the brief; *John P. McGrath, Corporation Counsel*), for appellants.

*Robert H. Schaffer* of counsel (*Leo Brown* with him on the brief; *Schaffer & Brown,* attorneys), for interveners, appellants.

*H. Eliot Kaplan* of counsel (*Samuel D. Smoleff* with him on the brief), for respondents.

VAN VOORHIS, J. In 1946 an amendment was adopted to article V, section 6, of the New York State Constitution relating to preference to be granted to veterans in making civil service appointments and promotions. It was implemented by an amendment to section 21 of the Civil Service Law (L. 1946, ch. 521). An honorably discharged veteran who was a resident and citizen of this State at the time of entrance into the armed forces of the United States, and who served therein in time of war, is entitled thereunder to preference over other veterans of the war provided that he or she is a person " who was disabled therein to an extent certified by the United States veterans administration, and whose disability is certified by the United States veterans administration to be in existence at the time of his or her application for appointment or promotion ". (N. Y. Const., art. V, § 6.)

Under paragraph (b) of subdivision 2 of section 21 of the Civil Service Law, as amended by chapter 521 of the Laws of 1946, " The term ' disabled veteran ' means a veteran who has a disability which is certified by the United States veterans' administration to have been incurred in time of war and to be in existence at the time of application for appointment or promotion or at the time of retention, as the case may be."

The petitioners in this proceeding, some of whom are nondisabled veterans, are eligibles upon the promotion eligible list for lieutenant, fire department, promulgated by the Municipal

Civil Service Commission of the City of New York on or about August 12, 1947, after competitive promotional examination. They claim to be aggrieved by the circumstance that there are two hundred or more persons on this list who have been granted disabled veterans' preferences on trivial and frivolous grounds, and that if these preferences are allowed such persons will be certified and promoted ahead of petitioners, although they are in many cases far below petitioners in order of merit. The alleged disabilities on which these preferences have been granted include such minor injuries or ailments as scar on index finger, fungus infection of the buttocks, tonsillitis, hemorrhoids, mild varicose veins, skin rash, slight sacroiliac strain, scar on hip or lower leg, and so forth. In regard to such conditions it has been very properly commented by the justice presiding at Sepcial Term: '' It is alleged that these men have received an advantage that is not rightfully theirs and which should be conferred only upon veterans suffering from an actual and real disability '', and that '' Such a policy has a serious effect on all veterans and non-veterans who are seeking appointments to Civil Service positions ''.

It is doubtless true, as was indicated in *Matter of Potts* v. *Kaplan* (264 N. Y. 110) in the case of the similar amendments of the State Constitution adopted following World War I, that the courts must accept as final findings by the United States Veterans' Administration concerning the nature and extent, continuance, and service-connected character of injuries and diseases claimed to constitute disabilities. '' For the purpose of determining the fact of disability in war, the State has designated that body as its agent." (*Matter of Potts* v. *Kaplan, supra,* p. 117.)

Before acting on the basis of certificates of the U. S. Veterans' Administration, however, on which so much reliance has been placed by article V, section 6, of the State Constitution and section 21 of the Civil Service Law, it is necessary that the municipal and other civil service commissions in the State should ascertain that the U. S. Veterans' Administration has determined and certified the facts on which civil service preference within the State is made to depend.

The primary purpose for which the Veterans' Administration considers questions relating to disability is not to decide who are entitled to civil service preference under State constitutions and statutes; it is to determine which veterans are entitled to compensation from the United States Treasury on account of impairment of their earning capacities. By presidential regulation, prescribed by the President of the United States

pursuant to authority granted by Act of Congress of March 20, 1933 (U. S. Code, tit. 38, § 703; 48 U. S. Stat. 9), the Veterans' Administration is directed to apply a schedule of disability ratings commencing with a minimum or initial degree of disability of 10% (Veterans' Regulation No. 3 [a], Executive Order No. 6157, June 6, 1933, in U. S. Code, tit. 38, printed under § 724). Federal compensation is awarded only to veterans rated by the Veterans' Administration as having sustained a service-connected disability of 10% or more. Said regulation is believed to constitute the only authority possessed by the Veterans' Administration to determine what is actual disability, or to issue certificates of disability based upon such determination. The Veterans' Administration has no authority from the Federal government to analyze the seriousness of lower degrees of disability.

Impairment of earning capacity is not the criterion in determining whether a veteran has sustained a disability so as to entitle him to preference in State civil service appointment or promotion; rather, such preference depends on whether there has been " some lessening of bodily force or some disfigurement, even if unrelated to capacity for wage earning but present at the time of application for a preference ". (*Matter of Potts* v. *Kaplan, supra,* pp. 117–118.) Nevertheless, even if we are to regard fact-finding by the Veterans' Administration as conclusive, the Civil Service Commission, before granting a preference, must ascertain that the Veterans' Administration has found as a fact that there has actually been some lessening of bodily force or some disfigurement.

*Matter of Winternitz* v. *Morton* (272 App. Div. 339, affd. without opinion, 297 N. Y. 541), determined that a certificate of the Veterans' Administration that a veteran had sustained " 0% disability " was not a finding that he was disabled at the time of application for appointment or promotion. Any disability of less than 10% is carried on the records of the Veterans' Administration as 0%. Since the *Winternitz* decision, the present record shows that many preferences have been rejected in the cases of veterans rated at 0% disability for the reason that they were discovered to be suffering from nothing. The Municipal Civil Service Commission, after the *Winternitz* case, requested the Veterans' Administration to render certificates of disabilities amounting to " less than 10% but more than 0% ". The director of the claims service of the Veterans' Administration replied to this request that, " after careful study of this matter I am of the opinion that a statement of this form would be impracticable.

For compensation or pension purposes all disabilities not rated 10% or more are evaluated as 0% disabling. * * * The assignment of a ' less than 10% ' rating would necessarily indicate the existence of a disability within the meaning of the criteria above referred to (ascertainable residuals) but might also cover any degree of the disability up to but not including 10%. Such varying degrees of disability would for compensation purposes be invariably rated as 0%, there being no intermediate evaluations authorized, and the existence of ' ascertainable residuals ' being for such purposes immaterial. Under these circumstances I feel that to have our several field officers undertake to make determinations for purely civil service purposes as to whether disability of more than 0% but less than 10% is shown would lead to further difficulties in a field which has already become sufficiently complicated.''

It thus appears that the present certification of the Veterans' Administration, for civil service purposes, of '' less than 10% disability '', means the same as the former certification of '' 0% disability '', except that it does indicate that there is some residual present, however slight. It is manifest that few, if any, and by no means all, of such minimal residuals can be held to involve '' lessening of bodily force or. some disfigurement,'' which, under the language of the Court of Appeals in the *Potts* case, is necessary in order to constitute disability warranting civil service preference. That is shown further by the statement in the opinion in the *Potts* case at page 118: '' A scar on part of the body concealed by clothing can scarcely be contemplated as an impairment such as the Veterans' Bureau intended to recognize as a disability. A scar at some time may be external evidence of some inward disability and may be visible long after the disability has ceased, but in itself it does not, nor in our opinion did the Veterans' Bureau intend that it should, constitute a disability.'' Yet such scars, as this record amply demonstrates, are a frequent basis for rating veterans at '' less than 10% disability ''. This proves that these certificates do not purport to certify to what the State Constitution and statutes require to justify the granting of preferences. Inasmuch as the Veterans' Administration admittedly makes no attempt to determine the relative seriousness of disabilities rated at from 0% to 10%, it is plain that its certificates as to the continued existence of residuals of '' less than 10% '' are not proof of the existence of anything more than a minimal residual, such as a nondisabling or nondisfiguring scar, and that it does not necessarily denote disability within the meaning

of article V, section 6, of the State Constitution or section 21 of the Civil Service Law.

The difficulty is, that while there may be some conditions classified by the Veterans' Administration at " less than 10% disability " which do involve lessening of bodily force or disfigurement, there are a large number of persons so rated who have not suffered in either of these respects, and it is, therefore, impossible to tell from certificates of less than 10% whether the veteran has incurred an actual disability or not. This difficulty appears to have arisen from the circumstance that the Veterans' Administration was not set up to make findings for this purpose, and that the category of " less than 10% disability " was established in an attempt to co-operate with the various civil service commissions, but without undertaking to investigate or to decide, in the case of noncompensable injuries and ailments, the essential facts on which the right to civil service preference depends. The director of the claims service, in the communication quoted from above, states that to do so would exceed the powers of the Veterans' Administration.

Special Term was correct in deciding that under the procedure of the Veterans' Administration only disabilities rated at 10% or more can be considered for present purposes. This is not due to the fact that Federal compensation is payable to those rated at 10% or upwards, but to the circumstance that in the case of those rated at less than 10% no attempt has been made to evaluate the seriousness of the injury or disease, so as to determine whether it is enough to constitute an actual disability, irrespective of whether impairment of earning capacity is involved. The 0% or less-than-10% category was evidently devised to keep track of veterans whose conditions might later become serious, so as to be able to check up on them if they afterwards claimed compensation or benefits. For the reasons stated, a certificate of less than 10% disability cannot be accepted as proof that the veteran is entitled to preference as disabled under the State Constitution and the Civil Service Law. If the rating is 10% or higher, it means that the Veterans' Administration has evaluated the condition and found actual disability, which requires the granting of a preference under State law.

Special Term was correct in denying civil service preferences for disability under the present method of rating in use by the Veterans' Administration unless the veteran is certified to possess a 10% or greater disability for the reasons above stated.

The order appealed from should be affirmed, with $20 costs and disbursements.

PECK, P. J., GLENNON, DORE and SHIENTAG, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements.