In the Matter of IRVING CAHAN, Petitioner, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, August 6, 1948.

*Schaffer & Brown* for petitioner.

*John P. McGrath, Corporation Counsel* (*Victor F. Condello* of counsel), for respondents.

GAVAGAN, J. Petitioner claims disabled veteran status upon the basis of his entry into the armed forces in August, 1946, as being within the time of war. Section 6 of article V of the Constitution of the State of New York provides for preference to those " who served therein in time of war  *  *  *  and who was disabled " and provides further that " Laws shall be enacted to provide for the enforcement of this section." Pursuant thereto the Legislature has declared " the time of

war " as to World War II shall include December 7, 1941, to September 2, 1945 (Civil Service Law, § 21, subd. 2, par. [c], cl. [4]). Petitioner contends the term as used in the State Constitution is coterminous with declaration of peace and thus the Legislature is without constitutional authority to delimit the constitutional provision. Great deference is certainly due to a legislative exposition of a constitutional provision, especially when it is made almost contemporaneously with the provision, and may be supposed to result from the same view of policy, and mode of reasoning which prevailed among the framers of the instrument. Ordinarily, the words of the Constitution must be taken to mean what they most directly and aptly express. They must be given their usual, ordinary and popular significance, and not a vague and general sense. Hence, the power given the Legislature to pass laws for the enforcement of this section must be read in the light of the provision granting preference to those disabled in the actual performance of duty in time of war, to include the power to fix the time of beginning and ending of *actual combat*. Despite the contention with respect to the power to declare war and peace, according to petitioner's own arguments, the Eightieth Congress has declared with respect to similar Federal statutory provisions that July 29, 1947, shall be deemed the date of termination of the war. *Malbone Garage, Inc.*, v. *Minkin* (272 App. Div. 109, affd. 297 N. Y. 677) is distinguishable. Consideration there was given to the intention of the parties at the time of contract. The Legislature had clear constitutional power to declare the period of war for the purposes of the amendment.

The motion is denied.