## (December 1, 1966)

■ ANITA MANVILLE, Respondent, v. THOMAS F. MANVILLE, JR., et al., Appellants.— Order, entered on May 2, 1966, denying defendants' motion to dismiss the complaint unanimously affirmed, without costs or disbursements to any party, but without prejudice to a new motion on proper papers. Defendants may move anew on the basis of the prior Nevada judgment, upon the pleading of the applicable affirmative defense. Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.

■ In the Matter of ANTHONY J. FALCONIERI, Respondent, v. CITY CIVIL SERVICE COMMISSION, Appellant.— Judgment granting petitioner's application under article 78 of CPLR to compel respondent-appellant City Civil Service Commission to extend to him full credit as a disabled veteran with adjustments in his rank on the list of eligibles for promotion to Lieutenant in the Fire Department, unanimously reversed, on the law, with $50 costs and disbursements to Civil Service Commission, and the petition dismissed. Under section 6 of article V of the State Constitution, members of the civil service are entitled to additional credits based upon military service. These credits are increased if they were disabled " in the actual performance of duty in any war " and their disability is certified by the United States Veterans' Administration. Any doubt as to the meaning of the constitutional provision is resolved by the implementing statute (Civil Service Law, § 21, now § 85). The statute provides that the certification by the Veterans' Administration is controlling (*Matter of Potts* v. *Kaplan*, 264 N. Y. 110, 117). Moreover, the certification relates not only to the member's status as a disabled veteran but also to whether the disability was incurred by him in time of war and is in existence at the time of application for appointment or promotion (§ 21, subd. 1, par. [b]). Applying these rules in the petitioner's case, it is evident that he lacks the appropriate certification because, while he has a service-connected disability, the Veterans' Administration has failed to certify that his disability was incurred in service during time of war (*Matter of Potts* v. *Kaplan*, 264 N. Y. 110, 117, *supra*; cf. *Matter of Carey* v. *Morton*, 297 N. Y. 361, 371). Moreover, if the petition did not have to be dismissed on the merits, there would be a serious question raised as to the timeliness of this proceeding (see, generally, *Matter of Foy* v. *Brennan*, 285 App. Div. 669, 673). Regardless of whose fault it was for the delay, petitioner seeks adjustment of his status retroactively to 1953 and with respect to an eligible list from which he has in fact been appointed and has served since 1955. There are some events which if not corrected become irreversible merely through the passage of time. This would seem to be just such an event. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bastow, JJ.