Nathaniel T. Helman, J.
This is ,an application for a judgment pursuant to article 78 >of the CPLR vacating and annulling the determination of respondents not to grant a veteran’s preference credits to petitioners, and for other relief consistent therewith.
Each of the petitioners presently holds the rank of Lieutenant in the New York ¡City Fire Department. The petitioners all took and passed Promotional Examination No. ,1557 for promotion to the rank of Captain in the Fire Department. Each of the petitioners claims veteran’s examination credits, pursuant to section 6 of article V of the New York State Constitution by reason of their status as honorably discharged veterans of the armed forces of the United States. The petitioners were all in full time, active duty'(as 'opposed to reserve duty or reserve training duty) in the armed forces of the United States between September 17, 1953 and .September 9, 1957.
Pursuant to section 85 (subd. 1, par. [c], els. |[3], [4]) of the Civil Service Law, the military service between July 28, 1953 and December 31, 1962 does not constitute service in ‘ ‘ time of war ”. It is petitioners’ contention, however, that the definition of ‘ ‘ time of war ’ ’, as set forth in ¡this section, is at variance with the definition of “ time of war” (Korean Conflict), as defined ¡by the Congress of the United States and, therefore, is unconstitutional. Petitioners claim that they meet the requirements for veteran’s preference credits by virtue of1 their service in the armed-forces of the United-States during a “ time of war ” as that term has been defined by a proper act of the United States Congress. They further assert that the attempt to define ‘1 time of war ’ ’ in the Civil Service Law is unconstitutional, as above noted, in that legislation in this area has been preempted by the Federal Government under section 8 (subd. 11) of article I of the United States -Constitution.
*718 The power given the Legislature to pass laws for the enforcement of section ¡6 of ¡article Y of the New York State Constitution must ibe construed to include the power to fix the time of beginning and ending of1 actual .combat, in light of the provision granting preference to those disabled in “ time of war ” (Matter of Cahan v. McNamara, 192 Misc. 453, affd. 298 N. Y. 713).
‘ ‘ The constitutional power of Congress to ‘ declare war * * * ’ (Constitution, art. I, sec. 8, clause 11) does not pre-empt or supersede the New York Legislature’s enforcement of the veteran’s preference amendment of the State Constitution ” (De Luca v. Bronstein, N. Y. L. J., Feb. 4, 1974, p. 2, col. 3).
The Court of Appeals has said in discussing the thrust of section fi of article Y, that “ as an exception to a constitutional mandate, the term ‘ members of the armed forces ’ should be given the .narrowest interpretation consistent with the intent of the framers. This is particularly true here where the provision for a preference is, by definition, repugnant to the competitive scheme of article Yi(§ fi).” (Matter of Rahill v. Bronstein, 32 N Y 2d 417, 425.) The constitutional requirement that appointments to the Civil Service be based on merit ascertained by competitive examination is fundamental, and the granting of veteran’s preference credit is an exception to this basic requirement.
In upholding the constitutionality of the predecessor provision to section 85 of the Civil Service Law, which at that time applied the wartime-peacetime distinction only to disabled veterans, the Court of Appeals held: “ This statute conforms with the provisions .of .article Y, section 6, of the Constitution as adopted November 5, 1929, and those provisions are not repugnant to the Constitution of the United States in denying equal protection of the laws and abridging the privileges or immunities of citizens of the United States ’ ’. (Potts v. Kaplan, 264 N. Y. 110, 114.) Accordingly, as petitioners are not within the statutory definition of “ time of war ” (Civil Service Law, § 85, subd. 1, par. [c]) and inasmuch as it was within the power of the New York State Legislature to set forth the limitation complained of herein (supra) the application is denied and the petition dismissed.