■ In the Matter of EDWARD V. REGAN, as Comptroller of the State of New York, Petitioner, v CRIME VICTIMS COMPENSATION BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 629 of the Executive Law, to review a determination of the Crime Victims Compensation Board which awarded respondent Zelik Kotlarski $594.01. Respondent Kotlarski, aged 67, was assaulted and robbed of $525 on August 24, 1979. He was disabled from employment for nine weeks as a result of the injuries sustained and filed a timely claim for the difference between the workers' compensation benefits received and his lost wages. Respondent Crime Victims Compensation Board, finding that he would sustain financial hardship if not granted assis-

tance, awarded him $594.01 as unreimbursed loss of earnings. Petitioner, determining the award to be illegal and excessive because the claimant possessed assets valued at $58,675, requested the Attorney-General to commence these proceedings to review the board's decision on the ground Kotlarski had not suffered serious financial hardship as required by section 630 and subdivision 6 of section 631 of the Executive Law. Serious financial hardship of a crime victim or his dependents, in the absence of an award, must be demonstrated to sustain an award (Executive Law, § 631, subd 6; *Matter of Gryziec v Zweibel,* 74 AD2d 9, 14). The statute states that the board *shall deny* an award if serious financial hardship will not result in the absence of an award. Although serious financial hardship is not defined in article 22 of the Executive Law, rules and regulations for such determinations are set forth in 9 NYCRR 525.9. Subdivision (d) thereof provides for claimant's maintenance of a reasonable standard of living. This court has held that savings and investments should not be included within exemptions of certain types of assets in determinations by the board *(Matter of New York State Dept. of Audit & Control v Crime Victims Compensation Bd.,* 76 AD2d 410, 415). Accordingly, since the board found that Mr. Kotlarski had savings of $24,000 and stocks worth $4,275, in addition to an interest in real property (excepted from assets under 9 NYCRR 525.9 [c] [2]), it reached an illegal conclusion not permitted by statute *(Matter of Potts v Kaplan,* 264 NY 110; *Matter of New York State Dept. of Audit & Control v Crime Victims Compensation Bd., supra).* We should not uphold the board's interpretation as rational or reasonable *(Matter of Howard v Wyman,* 28 NY2d 434), since it runs counter to the clear wording of the statutory provisions *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). The respondent board's remaining arguments are without merit. Service of the petition in these proceedings upon Mr. Kotlarski was properly made by mail (Executive Law, § 629, subd 2). Respondent's contention that the Comptroller himself, rather than his counsel, must request the Attorney-General to commence the proceedings is specious. Respondent was fully aware that the request was made in the Comptroller's name (see *Matter of New York State Dept. of Audit & Control v Crime Victims Compensation Bd.,* 76 AD2d 410, 412, *supra).* Determination annulled, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.