MICHELINA VOLPE, Plaintiff, *v.* CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, December 30, 1941.

*John J. O'Connell,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Howard W. R. Mulligan, Assistant Attorney-General,* of counsel], for the defendant William J. Ahearn.

*William C. Chanler, Corporation Counsel [Seymour B. Quel* and *Oscar L. Tucker* of counsel], for the defendants City of New York and others.

COHALAN, J. This is a taxpayer's action. The issue is the constitutionality of Local Law No. 70 of the 1941 Local Laws of New York City which attempts to abolish the office of commissioner of records in each of the counties of Kings and New York. The corporation counsel states that this is a companion bill to one affecting the offices of the registers and the sheriffs in the city of New York and which has been held constitutional. (*Burke* v. *Kern,* 287 N. Y. 203.)

When Local Law No. 70 was passed there were four officials in New York and Kings counties each of whom held an office which included the words " commissioner of records " as part of its title. They are defendants here and are sued as A. Welles Stump, as commissioner of records of the county of New York; Hyman Schorenstein, as commissioner of records of the county of Kings; William J. Ahearn, as commissioner of records of the Surrogate's Court of the County of New York; Michael J. Keenan, as commissioner of records of the City Court of the City of New York.

The defendants Ahearn and Keenan have each moved to dismiss the complaint, claiming that Local Law No. 70 does not apply to them or to their offices. The corporation counsel consents to this motion and the plaintiff at the argument expressed himself as satisfied if the motion would be granted. Accordingly the motion

made by each of these defendants is granted and the complaint is dismissed as to them.

As to the defendants Stump and Schorenstein, there is no such accord among the litigants. The facts are conceded, and while the matter has appeared as a motion for a temporary injunction, at the argument it was presented on the merits and with the finality of a trial. Any further hearing would be useless, as no additional facts would be presented or new arguments made. Plaintiff and these office holders contend that for reasons enumerated in the moving papers, Local Law No. 70 is unconstitutional. The corporation counsel argues the opposite. Several of the arguments advanced against constitutionality were disposed of favorably to the city's contention by the *Burke* decision. It must be held in obedience to that decision that the title of the statute properly refers to these defendants and to their office. The requirement that the objectives be naturally connected with the subject-matter and that the title apprise the reader of what may reasonably be expected to be found in the statute has been met. There is no force to the argument that because the defendants' offices were created as " commissioners of record of " their respective counties, they may not be removed as " commissioners of records *in* " those counties. Likewise there can be no doubt of the city's power to abolish these offices or to transfer the duties of the offices and the civil service employees of the offices to the county clerk's staff. (State Const. art. 9, § 8.)

There remains for consideration so much of the statute as deals with the defendants Stump and Schorenstein and their non-civil service assistants.

Not satisfied with abolishing the *offices*, the local law set out to make it difficult, if not impossible, for the outgoing *officials* to be retained by the county clerk as his assistants in this new branch of his office. This part of the statute reads: " An officer or employee in the unclassified civil service or in the non-competitive or exempt class of the classified civil service in any of the offices abolished may be similarly retained, upon the certificate of the county clerk in each of the counties of Kings or New York respectively that the services of any such officer or employee are necessary to the efficient conduct of his office providing such retention is approved by the board of estimate."

Unquestionably under section 8 of article 9, the city could " assign any or all functions of such officers to  *  *  *  clerks of counties," but can it go further and tell the county clerk by direction or indirection whom he shall not retain or may retain conditionally and subject to a board of estimate approval? This is not the intent of

the Constitution. The county clerk is a State official appointed and removable by the Appellate Division of the Supreme Court in the judicial department in which his county is located. (State Const. art. 9, § 5.) He is also clerk of the Supreme Court by constitutional mandate. (State Const. art. 6, § 21.) He and he alone is responsible to the Appellate Division for the proper conduct of his office. His duties require assistants. His is the responsibility for their selection. (County Law, §§ 161, 162.) In performing their delegated duties they represent him. Their derelicitions are his derelictions and might cause his removal from office. For these reasons it must be obvious that no city board can legally interfere with his management of that State office or with his choice of agents. The city may give the county clerk additional duties and added responsibilities. It might in that sense dictate what is to be done, but it must leave to him the determination of the manner in which the work shall be accomplished and the selection of the personnel for carrying on the task. I, therefore, hold that this part of the Local Law is an unlawful and unconstitutional interference by city officials with a State official and that this part of the bill cannot stand.

I am fortified in this conclusion by considering this part of the bill from the viewpoint of the removed officials. They are asked as a necessary prerequisite to their retention by the county clerk to meet two tests additional to those which must be met by his other non-civil service employees. As to these particular individuals, (1) the county clerk must certify that their services are *necessary;* (2) the board of estimate which has just *abolished* their offices must *approve* their retention by the county clerk. The statute is silent as to what would have to be done if the county clerk should assign this particular work to other assistants. Presumably those assistants would be appointed under his general powers and would not need to meet these special requirements. Consequently these requirements are as personal to the defendants Stump and Schorenstein as if their names were set forth in the act. While it does not follow as the night the day, that the board of estimate would refuse to approve the retention of these individuals, we must consider the background of this legislation and judge these requirements and their fairness in the light of that background. So examined and so judged it is apparent that the law abolishes the *offices* by direct and simple language and seeks to abolish the *officers* by imposing on them personal and from the practical viewpoint impossible requirements. Such legislation is not to be commended. It lacks fairness and violates the spirit of our Constitution which grants equal rights and equal opportunities, including that of holding office, to all law-abiding citizens.

Section 1 of article 13 of our Constitution holds that arbitrary tests cannot be required for public office. The word " arbitrary " is defined as " depending on will or discretion * * * arrived at * * * by caprice, without consideration * * * decisive but unreasoned * * * despotic " (Webster's New Internat. Dict. [2d ed.]); and again as " without adequate determining principle * * * non rational * * * capricious." (Funk & Wagnall's New Standard Dict.) (See, also, *Rathbone* v. *Wirth*, 150 N. Y. 459; *Bareham* v. *City of Rochester*, 221 App. Div. 36.)

Tests which are to apply *only* to certain particular individuals are necessarily arbitrary within these definitions and, therefore, violative of this article of our Constitution.

For the reasons above outlined I hold that so much of the act as I have quoted and which requires the certification by the county clerk of the necessity of the retention of these individuals and the approval of such retention by the board of estimate is unconstitutional.

The reasoning here applied and the conclusions reached refer not only to the defendants Stump and Schorenstein but to those of their subordinates who are in the unclassified civil service or in the non-competitive or exempt class. Settle judgment.