Walter A. Lynch, J.
Respondents cross-move to dismiss the petition on the ground that this article 78 proceeding was not commenced within the time limited by law. It appears that after duly filing an application with the department of personnel,, Civil Service Commission, the petitioner successfully *855 competed in the written examination for the position of patrolman in the police department of the City of New York and thereafter passed the physical test for said position; that petitioner was required to submit to a complete medical examination by the medical staff of the department of personnel, Civil Service Commission; that the department of personnel thoroughly investigated petitioner’s background and thereafter marked him duly qualified for said position.
It further appears that the eligible list for the position of patrolman was duly established by the department of personnel on or about July 1, 1955; that having found the petitioner to possess all the necessary qualifications and eligibility requirements for the position of patrolman, the department of personnel duly certified him for appointment to such position; that on or about July 1, 1955 the petitioner was duly appointed a probationary patrolman by the police commissioner from the eligible list established by the department of personnel.
On March 20, 1956, one day prior to the expiration of the probationary period, and while the petitioner was in Kings County Hospital, he was personally served with a letter dated March 30,1956 and signed by the acting chief clerk of the police department, which letter reads as follows:
‘‘ As the result of report from the Medical and Surgical Bureau of this Department, and due to physical condition, you are hereby notified that the Police Commissioner of the City of New York, has decided not to retain you as an employee of the Police Department of the City of New York, after the expiration of your probationary period.
‘‘ Accordingly, he directs that you be given this notification in writing, to that effect, in accordance with the provisions of law and the rules of the Department of Personnel, Civil Service Commission of the City of New York.
‘‘ Effective Midnight, March 31, 1956, therefore, your services in the Police Department of the City of New York will be terminated. ’ ’
In 1954 the Legislature amended the New York City Charter (L. 1954, ch. 354) by abolishing the Municipal Civil Service Commission and creating a department of personnel and a City Civil Service Commission. Subdivision f of section 813 of the New York City Charter granted further powers to the personnel director as head of the department of personnel, ‘‘ to revoke or rescind any certification or appointment by reason of the disqualification of the applicant or appointee under the provisions of the civil service law, the rules of the civil service commission, or any other law ”.
*856 Rule III (§ VII, subd. 1, par. [b]) of the City Civil Service Commission Rules and Regulations provides that ‘‘ Whenever the Director shall find during the probationary period that an appointee * * * is unfit mentally or physically to hold the position to which he was appointed, he shall be marked ‘ not qualified ’ and the certification of his name shall be revoked and his services shall be terminated.”
Rule III (§ VII, subd. 2) provides that “ Except in a case where the Medical Examiner of the Department of Personnel has, after examination, found the person mentally or physically unfit, the Director or his duly designated representative or representatives, shall accord any such person, after due notice' to him, an opportunity to be heard prior to taking appropriate action as prescribed under subdivisions (a) and (b) of paragraph 1 of this section.”
Under the provisions of subdivision c of section 812 of the Charter and rule III (§ VII, subd. 3) any person aggrieved by a determination of the director made pursuant to this section shall be entitled to appeal to the City Civil Service Commission within 30 days after the determination appealed from.
The facts set forth in the moving papers reveal that no written charges were made against petitioner, nor was he accorded a hearing. In these circumstances the respondent police commissioner was without authority to terminate petitioner’s services and his dismissal was in violation of the Rules and Regulations of the City Civil Service Commission. Moreover, the petitioner has been deprived of his right to appeal to the City Civil Service Commission to which he is entitled under the provisions of subdivision c of section 812 of the Charter and rule III (§ VII, subd. 3).
Section 1286 of the Civil Practice Act provides that an article 78 proceeding to review a determination or to compel performance of a duty specifically enjoined by law, must be instituted within four months after the determination to be reviewed becomes final and binding upon the petitioner. The words “final” and “binding” as used in this section mean legal and valid. The four months’ Statute of Limitations does not apply if the determination herein is illegal, unauthorized or in excess of statutory jurisdiction in the first instance. The said Statute of Limitations is inapplicable where there is a continuing duty on the part of the respondent police commissioner in respect of a continued wrong. Motion to dismiss is denied and respondents may interpose an answer to the petition herein within 10 days after service of a copy of this order, with notice of entry.