Daniel E. Maceen, J.
From the petition, answer and concessions made in memoranda, the following facts appear. Pursuant to approval of the Town Board of the Town of Irondequoit (hereinafter called the Board), following a public hearing, the Town Building Inspector on January 22, 1960 issued to petitioner a permit to erect an outdoor advertising display sign on the roof of premises at 691 Titus Avenue in the Town of Irondequoit. By section 11 of the Irondequoit Zoning Ordinance, such was a permitted use subject to approval of the Board. Thereafter, petitioner entered into lease arrangements and the sign was erected in accordance with plans and specifications *1073 approved by the appropriate officials of the town. On May 29, 1960 the building was so damaged by fire as to require removal of the sign and rebuilding of the roof. On September 13, 1960 the petitioner was informed by the Building Inspector by letter that the permit to maintain the sign had not been rescinded and that the sign could be replaced in the same location after completion of structural repairs to the building. Petitioner thereupon prepared and submitted plans for re-erection of the sign which were approved by the Building Inspector on April 24, 1961. In reliance on the permit and the approval of the plans, the petitioner incurred expense for construction and reconstruction of the sign. At a meeting held May 11, 1961, without notice to the petitioner and without a hearing, the Board rescinded its approval of the sign. This proceeding was commenced by notice of motion served February 23, 1962.
Respondents’ position may best be stated by quoting from the opening paragraph of their memorandum: “ Petitioner’s preliminary statement as to the nature of the proceeding herein as well as the statement of facts leading up to the commencement of the proceeding as set forth in its memorandum are essentially not in dispute and need not be repeated herein. * * * Respondent’s position basically is that such proceeding is barred by Section 1286 Civil Practice Act and Section 267 (7) Town Law.”
At the time the Board undertook to cancel its approval, the petitioner by reason of its commitments and expenditures, made in reliance on the Board’s approval, had acquired property rights of which it might not be deprived without due process of law. (City of Buffalo v. Chadeayne, 134 N. Y. 163; People ex rel. Evens v. Kleinert, 201 App. Div. 751; Lees v. Cohoes Motor Car Co., 122 Misc. 373; N. Y. Const., art. I, § 6.) By the action of the Board petitioner has been deprived of those rights. “ Due process of law requires an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights. A hearing or an opportunity to be heard, is absolutely essential. We cannot conceive of due process of law without this. ’ ’ (Stuart v. Palmer, 74 N. Y. 183,191.) I conclude that the Board had no legal right to take any action with respect to the approval theretofore granted without notifying the petitioner and affording it an opportunity to be heard and its action in so doing is, in my opinion, a nullity.
The question remains whether this proceeding is barred by the limitations of section 1286 of the Civil Practice Act and subdivision 7 of section 267 of the Town Law. The latter *1074 section of the Town Law provides in part: “ Any person or persons * * * aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for relief by a proceeding under article seventy-eight of the Civil Practice Act. Such proceeding shall be governed by the provisions of article seventy-eight of the Civil Practice Act, except that (a) it must be instituted as therein provided within thirty days after the filing of a decision in the office of the town clerk.” In making determinations upon «applications for special exceptions under a zoning ordinance, ¡the acts of the Town Board are considered administrative for fcourt review purposes. (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20; Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728.) While it seems to me that subdivision 7 of section 267 of the Town Law contemplates a “ decision ” arrived at after compliance with the other provisions of section 267 requiring notice and hearing, and I doubt that the section may be invoked to bar a proceeding in the nature of mandamus, it seems to me that in any event its application under the facts here presented would also be violative of the requirements of due process. “ The constitutional validity of law is Jto be tested, not by what has been done under it, but by what may, by its authority, be done.” (Stuart v. Palmer, 74 N. Y. 183, 188, supra; City of Rochester v. West, 164 N. Y. 510, 514.) While it is conceded that by letter mailed some days after the Board’s action, the petitioner was notified that the approval had been rescinded, the statute contains no requirement that such notice be given. The Board, having given petitioner no notice of its intended action, the application of the limitation contained in subdivision 7 so as to foreclose petitioner’s access to the courts without some form of notice of the Board’s enactment other than daily visits to the office of the Town Clerk to ascertain whether overnight it had been deprived of its property, would likewise contravene the constitutional barrier against deprivation of property without due process of law. I therefore conclude that the provisions of subdivision 7 of section 267 of the Town Law are not a bar to the maintenance of this proceeding.
Having held that the action of the Board was a nullity, there is no determination to be reviewed by me. (Matter of Foy v. Schechter, 1 N Y 2d 604, 612.) Bather, in asking the Board to cancel its action rescinding its approval of the sign, the petitioner is seeking to compel performance of a duty clearly required by law. The commencement of this proceeding constituted the demand contemplated by section 1286 of the Civil *1075 Practice Act and the answer and motion to dismiss by the respondents a refusal'. (Matter of Williams v. Morton, 297 N. Y. 328; Matter of Foy v. Brennan, 285 App. Div. 669.) Petitioner’s delay in commencing this proceeding has caused no prejudice warranting application of the laches doctrine.
Respondents’ motion to dismiss the petition is denied and petitioner is entitled to an order requiring the respondents to cancel and vacate the resolution of the Board made May 11, 1961 rescinding its approval of petitioner’s sign. Since it appears that there has been a fire at the premises containing the sign and the record is silent as to the present condition of the building, the order shall be without prejudice to commencement by the Board of proceedings to revoke its approval upon proper notice within 30 days after service of the order to be entered herein if any condition now exists on the premises by reason of the fire which would render restoration and continuance of the sign detrimental to the safety of the public, and petitioner shall be stayed from taking steps to restore the sign for 30 days after service of the order and until the hearing and determination of such proceeding, if commenced.