Leon D. Lazer, J.
Is the 30-day limitation upon the commencement of a proceeding to review a town planning board determination (Town Law, § 282) tolled by the board’s refusal to disclose to the applicant the reasons for its action 1 The question is directly posed in this article 78 proceeding in which it is alleged that the respondent Brookhaven Town Planning Board (the board) disapproved petitioner’s preliminary plat and rejected the “ diligent inquiries ” made to it seeking the causes for the adverse determination. For its defense, the board relies primarily upon the allegedly untimely commencement of the proceeding. It is undisputed that the board’s decision was made and notice of the disapproval given to the applicant by létter within the 45-day period specified in subdivision 3 of section 276 of the Town Law. The petitioner has countered the time limitation argument by asserting that it was unable to initiate the proceeding within the required 30 days because it could not ascertain the causes for the board’s action. Also under attack in the proceeding is the validity of the grounds actually stated in the board’s minutes as revealed in respondents’ return. • The rationale for an administrative determination is contained in its findings and the primary purpose of the requirement for such findings is to provide the necessary basis for judicial review (Matter of Community Synagogue v. Bates, 1 N Y 2d 445; Matter of New York Water Serv. Corp. v. Water Power and Control Comm. of State of N. Y., 283 N. Y. 23). The requirement has been imposed by the courts and is judicially mandated regardless of whether it is contained in the enabling legislation, at least with *912 respect to agencies acting in a quasi-judicial capacity (see Matter of Scudder v. O’Connell, 272 App. Div. 251), As a corollary, the findings themselves offer some assurance to the parties that the determination has been arrived at rationally and affords them assistance in deciding whether or not to seek to reverse it on rehearing or judicial review (Scudder v. O’Connell, supra). It is petitioner’s position that the instant findings should have been submitted to it in advance of the board’s determination so that the objections to the plat might be met by revision. ^¡Yhile under other statutes and circumstances this contention might raise questions of due process (see Matter of Sorrentino v. State Liq. Auth., 10 N Y 2d 143; Matter of Costello v. New York State Liq. Auth., 17 A D 2d 547), petitioner can assert no vested right in the informal preliminary plat procedures which preceded the 1966 amendment to subdivision 3 of section 276 of the Town Law (L. 1966, ch. 695). The statute now provides for a public hearing within 45 days of a filing for preliminary plat approval and a determination within 45 days thereafter and it clothes the planning board’s decision with the status of a finality which subjects it to judicial review. The respondent board adhered to the statutory prescription and the timeliness issue is therefore limited to consideration of whether its secretive posture affected petitioner’s right to such review.
Liberal rules of pleading and discovery, as well as the mandate of CPLR 7804 (isubd. [e]) that a transcript of the proceedings be produced in court, obviate any prejudice which might otherwise be suffered by a litigant denied administrative findings beforehand. Nevertheless, detriment may result to a petitioner if he does not know that he is aggrieved because he is unaware of the agency’s reasons for its determination. In Matter of O’Neill v. Schechter (5 N Y 2d 548), for example, examinees seeking review of their civil service test scores could not know they were aggrieved absent copies of their own answers. In such event, as in the case where the finality of an agency’s determination is ambiguous (Malena v. Commerdinger, 233 N. Y. S. 2d 549), it would be reasonable to toll the Statute of Limitations. Here the zoning ordinance and the subdivision regulations are matters, of public record and petitioner must be presumed to know the contents of its own preliminary plat. Furthermore, petitioner had the benefit of a hearing, it was notified of the board’s determination, and- the refusal to approve its plat was unequivocal. Although petitioner’s situation is analogous to that of a party appealing a jury’s general verdict or a general finding made by a Judge without a jury (O’Reilly, Adminis *913 trative Findings of Fact, 11 Fordham L. Rev. 30 [1942]), the fact is that administrative agencies acting in a quasi-judicial capacity are required to make findings. If the failure to make such findings available to the petitioner constitutes a jurisdictional defect, it renders the disapproval void and the Statute of Limitations must be tolled (see Matter of Foy v. Schechter, 1 N Y 2d 604; Matter of Board of Educ. of Union Free School Dist. No. 6 v. Board of Co-op. Educ. Servs., 41 Misc 2d 699; Matter of Myricks v. Kennedy, 6 Misc 2d 854; cf. Matter of Village of Island Park v. Bulk Plants, 258 App. Div. 185). If it is merely “ arbitrary and capricious ” it is not void and the statute is not tolled (cf. Foy v. Schechter, supra).
The terms “ arbitrary ” and “ capricious ” mean willful and unreasoning action without consideration of or in disregard of the facts (Matter of Monachino v. Rohan, 13 Misc 2d 729) or without determining principle (Volpe v. City of New York, 178 Misc. 243 ; 6 C. J. S., Arbitrary, p. 145). A determination made by an administrative agency absent a factual rationale in the record is “ arbitrary and capricious” (Matter of Highland Brooks Apts. v. White, 40 A D 2d 178; see, also, Matter of North Shore Steak House v. Board of Appeals 30 N Y 2d 238). An arbitrary determination is not, however, ipso facto one made in excess of jurisdiction. The jurisdiction of an administrative board or agency consists of the powers granted it by statute and a determination is void where it is made either without statutory power or in excess thereof (Foy v. Schechter, 1 N Y 2d 604, supra). In such a case there is nothing to be reviewed, the determination being a nullity (Matter of Rochester Poster Adv. Co. v. Town of Irondequoit, 33 Misc 2d 1072). It is illegal for an administrative agency to reach a conclusion not permitted by the statute but it is arbitrary and capricious if it merely fails to give due weight to the evidence (Matter of Potts v. Kaplan, 264 N. Y. 110). Both the “ arbitrary and capricious ” standard and the “substantial evidence” rule (defining the scope of review where an administrative agency is required to conduct a hearing [Matter of Wager v. State Liq. Auth., 4 N Y 2d 465]) relate to justification rather than to power (1 N. Y. Jur., Administrative Law, § 182). In the instant case the board had the power to refuse approval to petitioner’s plat for the reasons stated in the record since basic or quasi-jurisdictional facts are shown (see 1 N. Y. Jur., Administrative Law, § 139). The failure to make supportive findings available to petitioner renders the determination merely arbitrary but not void for lack of jurisdiction.
*914 The conclusion thus reached also precludes the granting of the mandamus relief sought which would bompel the Town Clerk to issue a certificate in lieu of approval of petitioner’s plat pursuant to subdivision 3 of section 276 of the Town Law. Since the board’s decision was not a nullity, petitioner has shown no clear legal right to the relief requested (Toscano v. McGoldrick, 300 N. Y. 156; Matter of Buffalo Red-I-Mix Concrete Corp. v. Foell, 1 A D 2d 762).
Petitioner also seeks reversal of the board’s determination on the ground that the reasons therefor as disclosed in the return are arbitrary, unreasonable and illegal. The board’s focus upon technical deficiencies in the plat is claimed to represent a radical departure from the established custom which granted preliminary approval subject to revision. It is suggested that the departure was intended to defeat petitioner’s rights because of a pendifig change in the zoning ordinance which would increase the minimum lot size requirements and that the board’s “nitpicking ” insistence on technicalities was thus improperly motivated. Indeed, prior similar proceedings instituted by other applicants who asserted the same argument have resulted in court ordered remands on the ground that the board in effect had invokbd a moratorium in violation of the rule laid down in Matter of Wallkill Manor v. Coulter (40 A D 2d 828, affd. 33 N Y 2d 783 [see, e.g., Limas Bldrs. v. Behme, Sup. Ct., Suffolk County (Index No. 73-12906)]). However, in the instant proceeding .the board made no reference to the pending rezoning as a reason for its determination (as it did in Limas Bldrs. v. Behme, supra). Therefore, if the merits were reached, the disapproval in issue would ibe entitled to the presumption of regularity and it would be improper to probe the mental processes of the members of the board (iMatter of Tomb v. Pirnie, 3 N Y 2d 188). Because the time limitation on certiorari proceedings is substantive and jurisdictional and this proceeding was not timely commenced (Matter of Neubourg v. Glass, 41 A D 2d 833), a review on the merits is precluded (Matter of Atlantic Refining Co. v. Village of Sloan Bd. of Appeals, 13 Misc 2d 631). The moratorium issue is thus academic.
Although even an estoppel theory will not serve to overthrow the determination in issue (see Russell v. Messina, 138 N. Y. S. 2d 394), this memorandum, opinion should not be interpreted as an approval of the board’s patently improper policy of concealment. Chief 'Judge Cabdozo’s maxim that “disclosure is the antidote to partiality and favor” (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280,. 291) has a par *915 tioularly vivid contemporary relevance. The abuse of power represented by secretive attitudes is not unique to the Town of Brookhaven or (as we all know) to the municipal level of government. It is for the Legislature to consider other means of obtaining compliance with the State’s strong public policy in favor of disclosure (see, e.g., Freedom of Information Law [Public Officers Law, art. 6, as amd. by L. 1974, ch. 578]).