Fuchsberg, J. (concurring).
We all agree that the ultimate disposition of this case in the court below ought to be affirmed. Under the statutory design pursuant to which the PERB acts, upon its finding that the employer has interfered with the employees’ exercise of their statutory rights (§ 209-a, subd 1, par [a]), it was fully authorized by section 205 (subd 5, par [d]) to require a return to the status quo, complete with back pay. PERB made such a finding here, and the question of whether it had substantial evidence for its determination or not is indeed foreclosed by the parties’ failure to seek direct review within the time limitations imposed by section 213.
If, however, there had been no violation of section 209-a, but only of section 209-a (subd 1, par [d]), the matter would be very different. Section 209-a (subd 1, par [d]) makes it an improper practice for an employer to refuse to negotiate in good faith with the recognized union of his employees. Section 205 (subd 5, par [d]) specifically states that, when that is the improper practice to be remedied, PERB is limited to an order requiring the parties to bargain. The PERB may not, by express statutory limitation, order back pay or make any other demands on the parties.
*93 It is noteworthy that the majority opinion has conceded that an agency might be held to have exceeded its jurisdiction not only by purporting to act in a matter outside of its subject matter jurisdiction but also by making a remedial order beyond its powers in a matter legitimately before it. Yet it characterizes the PERB order here (absent hypothetically, the violation of § 209-a, subd 1, par [a] in addition to the § 209-a, subd 1, par [d] violation) as merely an "error of law”. I fail to see how that distinction is dispositive of the question before us. Whenever an agency misreads its own statute, the result can be described as an error of law. Perforce, an order which is specifically and expressly forbidden by the statute is an error of law. The crucial question, however, is whether the error is jurisdictional in nature and may therefore be attacked collaterally after the time has lapsed within which direct review must be brought or whether it is not jurisdictional and therefore not reviewable.
There is no need to leave for another day the question of whether we can review a remedial order wholly in excess of the agency’s jurisdiction. That is the question the parties have raised here and we have already addressed and determined it in Matter of Foy v Schechter (1 NY2d 604).
Foy, like the case before us, involved the reclassification of transit workers under civil service provisions. The commission which purported to reclassify the workers had the authority to do so; however, it failed to follow the statutory mandates as to how the reclassification was to be accomplished. The affected employees in turn failed to bring an article 78 proceeding to challenge the commission’s ruling within the time allotted. When, instead, they brought a separate article 78 proceeding in the nature of mandamus to compel the appropriate city official to pay them the back pay to which they were entitled if the reclassification attempt was null and void, we held such a collateral attack permissible, saying (1 NY2d, at pp 611-612):
"The Civil Service Commission’s grading resolution was not avoided on the ground that it was arbitrary—in which event it would stand unless directly attacked in an article 78 proceeding against the commission—but it was held to be null and void on procedural grounds in that it had not been approved by the Mayor or State Civil Service Commission after specific wage scales had been established, in violation of subdivision 2 of section 11 of the Civil Service Law. Having neither force nor effect, the 1938 resolution of the Municipal Commission *94 could be attacked collaterally; it did not need to be vacated; it simply did not operate as a bar against the fixation of the prevailing rate of wage by the Comptroller to be paid to Foy and the other employees who were parties to that proceeding. H' H' íf*
"The distinction is between a Civil Service Commission rule which is made without jurisdiction—void due to omission to follow the statutory procedure, and an attack upon grading made within the power of the commission but by an arbitrary exercise of that power. In the latter event * * * the determination of the commission is binding unless and until it is annulled in an article 78 proceeding brought within four months (Civ. Prac. Act, § 1286) upon the ground that it is arbitrary. * * *
"This principle has been repeatedly enunciated by the New York Courts. [Citations omitted.] It is stated (73 C. J. S., Public Administrative Bodies and Procedure, § 146) as follows (p. 480): 'Notwithstanding the rule against collateral attack, a decision [of an administrative body] may be subject to such attack where it is absolutely void; and, since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof.’ "(Emphasis added.)
This distinction between a remedy which is arbitrary or not supported by substantial evidence and one which is in excess of the agency’s powers was reiterated recently in Matter of Elwood Investors Co. v Behme (79 Misc 2d 910). There, a town planning board turned down a petitioner’s application for approval of his plat without giving its reasons. Petitioner sought to excuse his failure to bring an action to review (art 78 proceeding) within the 30-day limitation found in section 276 of the Town Law by saying that without reasons it did not know whether review was warranted. Acknowledging that petitioner was entitled to reasons so that there may be something to review, the court nevertheless held the proceeding time-barred on the ground that failure to give such reasons, though arbitrary, was not an excess of the board’s jurisdiction, since the record indicated the presence of facts which could have supported the refusal of the approval and since the board plainly had jurisdiction over the application itself. Moreover, the board had statutory power to issue a refusal. As the court pointed out, "Both the 'arbitrary and capricious’ *95 standard and the 'substantial evidence’ rule * * * relate to justification rather than to power (1 N. Y. Jur., Administrative Law, § 182).” (79 Misc 2d, at p 913; emphasis in original.)
Thus, as we all agree, the question of whether the PERB’s finding of a violation of paragraph (a) or of paragraph (d) of subdivision 1 of section 209-a was based on substantial evidence is foreclosed by the failure to request review within the 30 days provided under section 213. Indeed, we agree that a remedial order which was merely arbitrary would also be immune from review at this point. And the Legislature’s decision to limit review of these questions to 30 days is one within its prerogative to make. However, the Legislature cannot be read here to have foreclosed review of an excess of jurisdiction, whether initial or remedial. Under Foy and the cases cited therein, such an illegal act by an agency is simply a nullity. The status of an effective act is not conferred upon it by legislation which merely limits the time in which it may be reviewed directly. Section 213, like section 276 of the Town Law in the Elwood case, sets a shorter time for direct review than would otherwise be available under article 78. Indeed, it incorporates article 78 explicitly. If, as Foy demonstrates, the provisions of article 78 itself do not impinge upon our ability to label a nullity as such when we see one, then surely section 213, which incorporates it, does not do so.
The holding of Matter of Guardian Life Ins. Co. v Bohlinger (308 NY 174) supports an even stronger analysis. We said there that the Legislature may either forbid or limit review except for those situations where an administrative official has "acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature” (at p 183). On that basis, we invalidated a legislative design which we found cut off review very explicitly. Thus I find the opinion of Mr. Justice Cardamone below wholly correct in its reliance upon Bohlinger for the essential principles governing this case.
While some might regard the deliberations in both this and the majority opinion as a tempest in a teapot, given the fact that the PERB had an alternative and perfectly legal basis for its remedial orders for the section 209-a (subd 1, par [a]) violation, I do not believe that it would have been wise for the court to ignore the jurisdictional challenge made by the appellant here. The contention that an administrative agency has inflicted upon parties committed to its subject matter *96 jurisdiction an order which is beyond its power to make is a serious one, even if it proves to be unfounded.
A willingness to entertain the thought that a court could be asked, in an enforcement proceeding brought by the PERB, to confer validity on an otherwise null and void, illegal order, however, is disturbing. Administrative agencies, though unelected and subject to no direct control by those over whom they govern (see City of Amsterdam v Helsby, 37 NY2d 19 [concurring opn], and cases cited therein), are, in today’s world, delegated an enormous range of powers over the lives of our citizens. Limitations placed upon these agencies by the Legislature are guidelines enacted for the purpose of guaranteeing that the delegated powers are exercised appropriately. While, for procedural reasons of fairness and stability, time limitations may be placed upon review of some forms of agency error, the suggestion that an excess of jurisdiction may be turned into gold by such procedural protections is an alchemy with which I cannot agree.
Since, as noted, the order issued by the PERB here was in fact fully authorized, I concur in the affirmance of the order of the Appellate Division.
Chief Judge Breitel and Judges Jasen and Cooke concur with Judge Jones; Judges Gabrielli and Wachtler concur in result on the opinion by Mr. Justice Richard J. Cardamons at the Appellate Division (46 AD2d 509); Judge Fuchsberg concurs in result in a separate opinion.
Order affirmed, with costs.